UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 22-cr-00010 (RJL) |
| | : | |
| AVERY MACCRACKEN, | : | |
| | : | |
| Defendant. | : | |

### UNOPPOSED MOTION TO CONTINUE DECEMBER 12, 2022 PLEA HEARING AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America, through counsel moves this Court for a 60-day continuance of the plea hearing/sentencing set for December 12, 2022, and further to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). In support of this motion, the Government states as follows:

1. On December 10, 2021, Defendant was charged by complaint. Defendant was charged with several felony and misdemeanor counts related to the events at the United States Capitol on January 6, 2021.

2. On December 10, 2021, Defendant was arrested in the District of Colorado.

3. On January 12, 2022, Defendant was indicted in the District of Columbia. Defendant was charged with: Count 1: 18 U.S.C. § 231(a)(3) (Civil Disorder); Count 2: 18 U.S.C. §§ 111(a)(1) and (b) (Inflicting Bodily Injury on Certain Officers); Count 3: 18 U.S.C. § 111(a)(1) (Assaulting, Resisting, or Impeding Certain Officers); Count 4: 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds); Count 5: 18

U.S.C. § 1752(a)(2) (Disorderly or Disruptive Conduct in a Restricted Building or Grounds); Count 6: 18 U.S.C. § 1752(a)(4) (Engaging in Physical Violence in a Restricted Building or Grounds); Count 7 40 U.S.C. § 5104(e)(2)(F) (Act of Physical Violence on Capitol Grounds). Defendant was arraigned on January 13, 2022.

4. On October 4, 2022, at a status hearing before the Honorable Richard J. Leon, Defendant informed the Court that he had reached an agreement with the Government to resolve the case before trial and wished to enter a guilty plea. The Court informed the parties that a change of plea hearing would be scheduled in person. Defendant requested that the change of plea hearing and sentencing be scheduled on the same day, so that he would only have to travel to Washington D.C. once. The Court scheduled a combined plea hearing and sentencing to take place on December 12, 2022. The Government requested time to consider its position.

5. The Government respectfully request that the Court continue the hearing scheduled for December 12, 2022 for sixty days. Since the December date was set, the parties have discovered that some terms of the agreement require additional negotiations. The parties request this additional time so that they can continue to negotiate the terms of a plea agreement and so that Defendant can consider whether he wishes to proceed to plea and sentence on the same date. Further, in light of the plea and sentencing hearing being set the same day, the Government would like the Probation office to have adequate time to prepare a Presentence Report in advance of the hearing.[1]

---

[1] The Government's position is that any plea hearing and sentencing, if scheduled, should occur on different dates. However, in light of the Court's order that the plea and sentencing hearings will be the same day, the Government requests that the Probation Office have sufficient time to

2

    6.  Counsel for Defendant does not oppose the relief sought in this request.

Accordingly, the Government respectfully requests that the Court continue the hearing scheduled for December 12, 2022 for an additional sixty days and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, from the date this Court enters an order on this motion through and including the date of the next hearing, on the basis that the ends of justice served outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). The Government requests leave for the parties to inform the Court at a future date whether the continued hearing should be scheduled as a plea hearing or a status hearing.

                                               Respectfully submitted,

                                               MATTHEW M. GRAVES
                                             United States Attorney
                                             DC Bar No. 481052

By:    /s/ *Brian Morgan*
           BRIAN MORGAN
           Trial Attorney
           NY Bar No. 4276804
           601 D Street NW
           Washington DC 20530
           (202) 305-3717
           Brian.Morgan@usdoj.gov

---

prepare a PSR in advance of the hearings.